NITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **MAURICE HOPKINS,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.** 2:25-cv-10040-DCN-MGB |
| **v.** | § | |
| | § | |
| **WEATHERPROOFING** | § | **JURY TRIAL DEMAND** |
| **TECHNOLOGIES, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT

Plaintiff MAURICE HOPKINS ("Plaintiff"), by and through his attorneys, brings this action against Defendant WEATHERPROOFING TECHNOLOGIES, INC. ("Defendant") for damages and other legal and equitable relief arising from Defendant's unlawful discrimination based on race and retaliation, and in support shows the following:

## INTRODUCTION

1.      This employment discrimination case is brought by Plaintiff to recover for acts of racial discrimination, hostile work environment, and retaliation Plaintiff experienced while employed by Defendant as a Field Resource Representative. Defendant's acts of discrimination are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq.,* the Civil Rights Act of 1866, 42 U.S.C. §§1981 *et seq.* ("Section 1981"), and any other causes of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this

**ORIGINAL COMPLAINT**

Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) 42 U.S.C. § 1981 *et seq*., and  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f), in that the acts complained of herein, including unlawful employment practices, occurred within the federal district over which this Court has jurisdiction.

## PARTIES

3.      Plaintiff, Black, worked for Defendant at a location in Charleston, South Carolina.

4.      Defendant is Delaware corporation with a principal place of business located at 3735 Green Road, Beachwood, OH 44122. Defendant may be served through its registered agent, Corporation Service Company, at 508 Meeting Street, West Columbia, South Carolina 29169

5.      At all relevant times, Defendant has continuously been and is now doing business in the State of South Carolina and has continuously had at least fifteen employees.

4.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § § 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e (b), (g) and (h), and Section 1981.

5.      At the relevant times at which the discrimination alleged herein occurred, Plaintiff was an employee, as that term is defined by Title VII and Section 1981, of Defendant in South Carolina.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

**ORIGINAL COMPLAINT**

2

6.      Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7.      Plaintiff received his Notice of Right to Sue from the EEOC on May 9, 2025.

## FACTS UNDERLYING CLAIMS

8.      Plaintiff was employed by Defendant as a Field Resources Representative from approximately May 2023 to November 2023. Defendant was one of only three Black employees on his crew.

9.      Throughout his employment, Plaintiff was subjected to egregious discriminatory treatment and slurs by his supervisor Ben Ellis. For example, Mr. Ellis repeatedly referred to Plaintiff, and Plaintiff's Black co-worker Milton Little, as "dumb n*gger" and "nappy-headed n*gger" in front of Plaintiff's non-Black co-workers.

10.      Mr. Ellis would also refuse to train Black employees on how to use electronic tablets that were essential to Plaintiff's work. By contrast, Mr. Ellis repeatedly provided instruction on the tablets to Plaintiff's non-Black coworkers. When Plaintiff requested similar training, Mr. Ellis responded "I'm not teaching your Black ass."

11.      In or around October 2023, while on a job site at Roger Hospital in Charleston, South Carolina, Plaintiff witnessed Mr. Little and another Black co-worker, Isiah (LNU), speaking to each other regarding their job instructions. Isiah  then asked for clarification about the instructions, to which Mr. Ellis responded "[y]ou heard what I said, n*gger."

12.      Shortly thereafter, Plaintiff overheard Mr. Ellis on a phone call to Foreman Josie Cumley. During the call, Mr. Ellis repeatedly referred to Plaintiff, Mr. Little, and Isiah  as "n*ggers." Mr. Ellis also referred to Isaiah  as "the other motherfucking n*gger." Mr. Ellis also admitted that he was "going to get rid of the next n*gger [that works here]."

**ORIGINAL COMPLAINT**

13.     Plaintiff then called his supervisor, Rick Reeves, and left a voicemail complaining of Mr. Ellis' shocking race-based epithets and conduct throughout Plaintiff's employment. Around that same time, Mr. Little also reported Mr. Ellis to Mr. Cumley.

14.     But despite multiple complaints, Mr. Ellis continued to use racial slurs and engage in discriminatory treatment which Plaintiff and his Black co-workers were forced to endure.

15.     In or around November of 2023, Mr. Cumley contacted Plaintiff about Mr. Little's complaint regarding Mr. Ellis' racist conduct. Plaintiff confirmed that Mr. Ellis did use racial slurs towards Black employees. Soon thereafter, Plaintiff learned that Mr. Ellis had been placed on suspension.

16.     Following Mr. Ellis's suspension, Plaintiff and Mr. Little were separated at work. Specifically, Rebecca (LNU), told Plaintiff that he and Mr. Little were not allowed to ride together and both submit reimbursement for travel mileage. However, two of Plaintiff's white coworkers were permitted to ride together and both seek reimbursement for their travel mileage.

17.     Defendant also began denying Plaintiff the opportunity to work overtime, while similarly situated white employees were permitted to work 70- to 80-hour weeks.

18.     In or around December 3, 2023, Plaintiff was granted leave to attend to personal matters. At the end of his leave, Plaintiff contacted Mr. Cumley and Rebecca  multiple times to ask when the Human Resources department wished to speak to Plaintiff. However, Rebecca  did not follow up to set a date for Plaintiff to speak to HR.

19.     Shortly thereafter, Defendant turned off Plaintiff's work phone. Accordingly, despite multiple attempts to contact Defendant, Plaintiff was  constructively discharged.

**ORIGINAL COMPLAINT**

## CAUSES OF ACTION

### Count I

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e et seq.*
*Terms and Conditions*

20.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

21.     The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to discrimination, including disparate treatment in the terms and conditions of his employment, including but not limited to separating him from his Black co-worker, and denying him travel pay and overtime hours based on his race, Black.

22.     Plaintiff's requests for relief are set forth below.

### Count II

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e et seq.*
*Hostile Work Environment*

23.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

24.     The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to a racially hostile work environment that altered the conditions of his employment.

25.     Defendant failed to take prompt remedial action in response to his reports of harassment.

26.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

## Count III

**RETALIATION**
*Title VII of the Civil Rights Act of 1964, as amended,*
*42 U.S.C. §§ 2000e et seq.*

27.    Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28.    Plaintiff lodged complaints with Defendant regarding the discrimination based on his race to which he was subjected, and as such, engaged in protected activity under Title VII.

29.    Defendant retaliated against Plaintiff by constructively discharging him from his employment in retaliation for engaging in protective activity.

30.    But for engaging in protected activity, Plaintiff would not have been terminated.

31.    The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

32.    Plaintiff's requests for relief are set forth below.

## Count IV

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*42 U.S.C. §§ 1981 et seq.*
*Harassment*

33.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34.    The conduct alleged herein violates Section 1981 as Defendant has subjected Plaintiff to a racially hostile work environment that altered the conditions of his employment, for which Defendant failed to take prompt remedial action.

35.    Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

## Count V

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
*42 U.S.C. §§ 1981 et seq.*
*Terms and Conditions*

36.    Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37.    Plaintiff was subjected to unequal terms and conditions of his employment including but not limited to being separated from his Black co-worker and denying him travel pay and overtime hours based on his race, Black.

38.    But for Plaintiff's race, he would not have been subjected to unequal terms and conditions of employment.

39.    The conduct alleged herein violates 42 U.S.C. §§ 1981 *et seq.*

40.    Plaintiff's requests for relief are set forth below.

## Count VI

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
*42 U.S.C. §§ 1981 et seq.*
*Retaliation*

41.    Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

42.    Plaintiff lodged complaints with Defendant regarding the discrimination based on his race to which he was subjected, and as such, engaged in protected activity under 42 U.S.C. § 1981.

43.    Defendant retaliated against Plaintiff by constructively discharging him from his employment in retaliation for engaging in protective activity.

**ORIGINAL COMPLAINT**

44. But for engaging in protected activity, Plaintiff would not have been constructively discharged.

45.    The conduct alleged herein violates 42 U.S.C. § 1981.

46. Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

47. Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

48. That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the federal laws identified above prohibiting discrimination and retaliation in employment;

49. That judgment be entered in favor of Plaintiff as set forth herein, and against Defendant, for back pay plus interest, front pay, benefits and all other amounts owed to Plaintiff;

50. That Plaintiff be awarded compensatory damages for his employment discrimination claims including for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

51. That Plaintiff be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiff;

52. That Plaintiff be awarded pre-and post-judgment interest;

53. That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

54. That the Defendant be ordered to require training regarding discrimination based upon race and discrimination based on retaliation.

**ORIGINAL COMPLAINT**

55.    That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

56.    That the Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

*/s/ Chance Sturup*
Chance Sturup (Fed ID 13815)
Cromer Babb & Porter, LLC
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, SC 29211
chance@cromerbabb.com

Jay D. Ellwanger (*pro hac vice pending*)
jellwanger@equalrights.law
Brian Pounds (*pro hac vice pending*)
bpounds@equalrights.law
Ellwanger Henderson LLLP
11149 Research Blvd, Suite 100
Austin, Texas 78759
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**COUNSEL FOR PLAINTIFF**

**ORIGINAL COMPLAINT**